**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ADVOCATE FINANCIAL, L.L.C.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **No. 09-2872** |
| **DOUGLAS SCHMIDT, ET. Al.** | * | **SECTION "B" (1)** |

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's Motion to Dismiss and Strike Counterclaim, Rec. Doc. No. 51, is denied and Defendants are granted leave to file said Counterclaim, Rec. Doc. No. 58, effectively done as of April 1, 2010.[1]

### A. *COMPULSORY COUNTERCLAIM*

Defendants seek leave to file a Compulsory Counterclaim under Fed. R. Civ. P. 13(a). In accord with amendments to Rule 13 that took effect on December 1, 2009 and the Advisory Committee Notes following Rule 13, "an amendment to add a counterclaim will be governed by Rule 15." *see* Fed. R. Civ. P. 13. Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." *see* Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic. *See Avatar Exploration v. Chevron U.S.A.*, 933 F.2d 314, 320 (5th Cir. 1991). "The grant or denial of the opportunity to amend is within the discretion of the District

---

[1] We are grateful for the work on this case by Michael Drory, a University of Pennsylvania Law School extern with our Chambers.

Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has indicated that valid reasons to deny leave include: (1)undue delay, (2)bad faith, (3)dilatory motive on the part of the movant, (4)repeated failures to cure deficiencies by amendments previously allowed, (5)undue prejudice to the opposing party by virtue of allowance of the amendment, and (6)futility of amendment. *Foman*, 371 U.S. at 182. The standard of review for a decision granting or denying leave to amend under Rule 15 is abuse of discretion, but a district court's discretion is limited by presumption in favor of liberal pleading. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

There is no undue delay or dilatory motive (factors 1 and 3) present in this case as the trial date is almost a year away, May 16, 2011. Defendant's April 1, 2010 Counterclaim filing date would have been timely with respect to the May 3, 2010 deadline set in the Rule 16 Scheduling Order. (Rec. Doc. No. 49). Under Federal Rules of Civil Procedure 16(b)(3)(A), a scheduling order "limit[s] the time to join other parties, *amend the pleadings*, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). Denying Defendants' Counterclaim simply because it was

filed too "early" with respect to the impending Scheduling Order would not serve justice or the liberal standard for amending pleadings under Rule 15.

Furthermore, there is no evidence of bad faith (factor 2) by Defendants. Defendants' counsel explains that he has been severely ill for the past two months. (*see* Rec. Doc. Nos. 53, 58).

Factor 4 is irrelevant to this case as Defendants have not "failed to cure deficiencies by amendments previously allowed." Also, subject to later review and re-determination, there is no evidence at this time that Defendants' counterclaim is futile (factor 6).

With respect to factor 5, Plaintiff is unlikely to suffer undue prejudice by allowing the Counterclaim at this stage. As both parties agree, the Counterclaim is compulsory and arises out of the same transaction and occurrence as Plaintiff's underlying claim. No new parties will be added to the litigation by allowing the Counterclaim. Considering pertinent factors, and ample time before trial for discovery, Plaintiff should not suffer undue prejudice in preparing a defense to the Counterclaim.

In conclusion, the (1)application and analysis of the factors set out by the Supreme Court in *Foman,* 371 U.S. at 182, to the current case; (2)presumption in favor of liberal pleading established by the courts under Rule 15; and (3)requisite need to

serve justice under Fed. R. Civ. P. 15(a)(2) all point to allowing the filing of the Counterclaim, effective April 1, 2010.

New Orleans, Louisiana, this 19th day of July, 2010.

```
                          _____
                              UNITED STATES DISTRICT JUDGE
```